**Kathleen A. McCallister**
**Chapter 13 Trustee**
**P.O. Box 1150**
**Meridian, ID 83680**
**(208) 922-5100 - Telephone**
**(208) 922-5599  - Facsimile**
**kam@kam13trustee.com**

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>ROGER A. EVANS<br>LORI A. STEEDMAN | CHAPTER 13<br><br>CASE NO.  19-40193-JMM |

### TRUSTEE'S FINDINGS AND RECOMMENDATIONS

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Recommendation for Confirmation states that she has reviewed the Debtor(s) plan, petition, and any amendments and does not believe that the Plan complies with the provisions of 11 USC Section 1325 (a) and (b) including best effort, best interest and good faith and/or with Section 1326.

**MATTERS AT ISSUE:**

1. Debtors have disposable income of $1,795 per month yet they have proposed a plan in which the first two payments are only $200 per month followed by 58 payments of $1,800 per month. Debtors have failed to provide a basis as to why they are not using their disposable income to fund their plan for the first two months of their bankruptcy. The plan as proposed does not pay unsecured creditors in full. Confirmation should be denied and the plan amended for the Debtors to use their disposable income to fund their plan for its entire term.
2. Schedule J incorrectly reflects that the Debtors' mortgage payments are $1,250 per month. Per the Debtors' testimony, their monthly mortgage payment is $1,079 per month. Schedule J should be amended to list the Debtors' correct mortgage payment.
3. Schedule I will need to be amended to list Mrs. Steedman's retirement income.
4. Debtors have acknowledged that they have a gambling problem. Trustee will request language in the order of confirmation that the Debtors will not be permitted to gamble during the term of the plan.

5. Mr. Evans received the sum of $30,859 in March 2018 from the sale of a house. Trustee will need documentation of where these funds were deposited and where they were expended.
6. Pursuant to a divorce judgment Mrs. Steedman is to start receiving half of her prior spouse's retirement once he has retired. Debtors believe this will be in 2020. Schedule I will need to be amended once this occurs and plan payments will need to increase accordingly. Debtors believe it will be about $1000 per month.
7. Trustee will need documentation of Mrs. Steedman's EEOC claim against her prior employer, Serenity Healthcare. Said claim should remain property of the bankruptcy estate after the Debtors' plan has been confirmed. Debtors will need to turnover proceeds to the extent needed to pay unsecured creditors 100% of allowed claims.
8. Trustee will need a complete statement from the Wells Fargo account ending in 0800 for March 2019.

DATED:  May 15, 2019

**/s/  Kathleen McCallister__**
**Kathleen McCallister, Trustee**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 15, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

ALEXANDRA O CAVAL
Attorney at Law
alex@cavallawoffice.com

**AND I FURTHER CERTIFY** that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

Via first class mail, postage prepaid addressed as follows:

ROGER A. EVANS
LORI A. STEEDMAN
641 GRANT AVE
TWIN FALLS, ID 83301

  **/s/  Matthew Mallard**             
**Matthew Mallard, Case Administrator**