# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>**Roger A. Evans and<br>Lori A. Steedman**<br><br>**Debtors.** | **Bankruptcy Case<br>No. 19-40193-JMM** |

## MEMORANDUM OF DECISION

**Appearances:**

Alexandra O. Caval, CAVAL LAW OFFICE, Twin Falls, Idaho, Attorney for Debtors.

Kathleen A. McCallister, Meridian, Idaho, Chapter 13 Trustee.

Brett R. Cahoon, Boise, Idaho, Attorney for Acting United States Trustee

### *Introduction*

In this chapter 13[1] case, the Court addresses an issue concerning the disgorgement of a trustee's fees in the event a case is dismissed prior to plan confirmation. The standing Chapter 13 trustee, Kathleen A. McCallister ("Trustee"), filed her final report and account on October 30, 2019. Dkt. No. 29. On November 21, 2019, the debtors,

---

[1] Unless otherwise indicated, all chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–88. All references to § 586 are to 28 U.S.C. § 586.

MEMORANDUM OF DECISION – 1

Roger Evans and Lori Steedman ("Debtors"), filed an objection to Trustee's final report claiming that the Trustee lacks the statutory authority to retain the "Trustee Expenses and Compensation" because the case was dismissed prior to plan confirmation. Dkt. No. 31. Debtors filed an amended objection on the same date. Dkt. No. 32. The Court conducted a hearing on the Debtor's objection on December 10, 2019, and thereafter took the matter under advisement. Dkt. No. 36. The Court has considered the stipulated facts, briefs, and arguments of counsel, as well as the applicable law, and this memorandum of decision constitutes the Court's findings and conclusions, and explains the reasons for its disposition of the Objection. Rules 7052; 9014.

### *Facts*

Debtors filed this Chapter 13 case on March 7, 2019, and a plan was filed on the same date, but no plan was ever confirmed. Dkt. No. 34. During the pendency of this case, Trustee received a total of $11,600 in payments from the Debtors, but no payments were disbursed to creditors. Dkt. No. 35. The Debtors filed a voluntary motion to dismiss on September 18, 2019. Dkt. No. 26. The Trustee filed a final report and account on October 30, 2019. Dkt. No. 34. The Trustee disbursed $1,081.80 for trustee expenses and compensation and returned the balance to the Debtors. Dkt. No. 38.  The Debtors objected to the final report and account and sought an order requiring the Trustee to disgorge her fees and return the $1,081.80 to the Debtors. *Id*. The acting United States Trustee for Region 18 ("U.S. Trustee") filed a response to Debtors' objection in support of the Trustee, Dkt. No. 34, as did the Trustee. Dkt. No. 35.

MEMORANDUM OF DECISION − 2

The Court heard oral argument on the objection on December 10, 2019, and permitted the parties to file supplemental briefings. Dkt. No. 37. Trustee argues that she is entitled to the trustee expenses pursuant to § 586(e) whether or not a plan is confirmed. Dkt. No. 39. Debtors argue that Trustee must disgorge all fees collected pursuant to § 1326(a)(2) because the case was dismissed prior to plan confirmation. Dkt. No. 38.

For the reasons set forth below, this Court finds that § 586(e)(2) directs the trustee to collect and hold the payments pending plan confirmation, while § 1326(a)(2) tells the trustee when and how to disburse payments before or after confirmation.

### *Analysis and Disposition*

"Determining whether a standing Chapter 13 trustee is entitled to a statutory fee in a case dismissed before confirmation of a debtor's Chapter 13 plan requires construction of two statutes, specifically, 11 U.S.C. § 1326 and 28 U.S.C. § 586(e)." *In re Lundy*, No. 15-32271, 2017 WL 4404271, at *4 (Bankr. N.D. Ohio Sept. 29, 2017). The issue presented is, in a case dismissed prior to confirmation, whether § 1326(a)(2) requires a chapter 13 trustee to disgorge all fees collected, or whether § 586(e) entitles the trustee to retain her compensation. The controlling statutes do not provide clear guidance, and few courts have addressed the issue. Among those that have, there is disagreement about how the two statutes should be applied.[2]

---

[2] *See In re Dickens*, 513 B.R. 906 (Bankr. E.D. Ark. 2014); *In re Acevedo*, 497 B.R. 112 (Bankr. D.N.M. 2013); *In re Rivera*, 268 B.R. 292, 293 (Bankr. D.N.M. 2001); *In re Miranda*, 285 B.R. 344 (10th Cir. BAP 2001) (unpub. dispo); *but see In re Nardello*, 514 B.R. 105 (D.N.J. 2014); *In re Antonacci*, No. BK-S-08-23349-LBR (Bankr. D. Nev. Dec. 27, 2011).

MEMORANDUM OF DECISION – 3

A.    <u>Statutes at Issue</u>

*1.  28 U.S.C. § 586(e)*

Section 586, entitled "Duties," provides the following:

(2) [The standing trustee] shall collect such percentage fee from all
payments received by such individual under plans in the cases under
chapter 12 or 13 of title 11 for which such individual serves as standing
trustee. Such individual shall pay to the United States trustee, and the
United States trustee shall deposit in the United States Trustee System Fund
[the statutorily required amounts] . . . .

§ 586(e)(2).

*2.  11. U.S.C. § 1326(a)*

Section 1326, entitled "Payments," provides the following:

(a) (1) Unless the court orders otherwise, the debtor shall commence
making payments not later than 30 days after the date of the filing of the
plan . . . in the amount—
(A) proposed by the plan to the trustee;
. . . .
(2) A payment made under paragraph (1)(A) shall be retained by the trustee
until confirmation or denial of confirmation. If a plan is confirmed, the
trustee shall distribute any such payment in accordance with the plan as
soon as is practicable. If a plan is not confirmed, the trustee shall return any
such payments not previously paid out and not yet due and owing to
creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid
claim allowed under section 503(b).

§ 1326(a).

*3.  The Apparent Conflict*

The statutes quoted above appear to conflict. The language in § 586(e) directs the

trustee to collect the trustee percentage fee from all payments received while § 1326(a)(2)

MEMORANDUM OF DECISION − 4

requires, in a case dismissed prior to confirmation, the trustee to return any payments not yet due and owing to creditors back to the debtor.[3]

    This Court has reviewed several decisions that have wrestled with the interpretation of the statutes, as well as the legislative history. For the reasons set forth below, the statutes, especially when construed together, are ambiguous. It is not clear from the statutory language whether Congress intended to allow a trustee to collect her fee on all payments received pre- or post-confirmation, or intended to limit a trustee's fee to a percentage of post-confirmation disbursements.

B.   <u>Rules of Statutory Interpretation</u>

    When interpreting a statute, the court's "task is to construe what Congress has enacted." *Duncan v. Walker*, 533 U.S. 167, 172, 121 S. Ct. 2120, 2124 150 L. Ed. 2d 251 (2001). Courts will "look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 830 (9th Cir. 1996) (internal quotation marks and citation omitted). "A primary canon of statutory interpretation is that the plain language of a statute should be enforced according to its

---

[3] At first blush, there appears to be authority to pay a trustee's fees and expenses in the last clause of § 1326(a)(2). That last clause allows a deduction for allowed § 503(b) claims. Section 503(b) claims include "compensation and reimbursement awarded under section 330(a) . . . ." § 503(b)(2). Section 330(a) permits the court to award compensation and expenses to trustees but it makes it subject to § 326. Section 326, in turn, states that a court "may <u>not</u> allow compensation for services or reimbursement of expenses of the United States Trustee or of a standing trustee appointed under section 586 (b) of title 28 . . . ." § 326(b) (emphasis added). Because the Trustee is appointed under §586(b), allowance of her fees and costs as a §503(b)(2) claim is not at issue.

MEMORANDUM OF DECISION − 5

terms, in light of its context." *ASARCO, LLC v. Celanese Chem. Co.*, 792 F.3d 1203, 1210 (9th Cir. 2015) (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S. Ct. 843, 846, 136 L. Ed. 2d 808 (1997); *Wilshire Westwood Assocs. v. Atl. Richfield Corp.*, 881 F.2d 801, 803 (9th Cir. 1989)). "If the terms are ambiguous, [the Court] may look to other sources to determine congressional intent, such as the canons of construction or the statute's legislative history." *United States v. Nader*, 542 F.3d 713, 717 (9th Cir. 2008) (citing *Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006). However, courts will resort to legislative history, even where the plain language is unambiguous, "where the legislative history clearly indicates that Congress meant something other than what it said." *Perlman v. Catapult Entm't, Inc.* (*In re Catapult Entm't, Inc.*), 165 F.3d 747, 753 (9th Cir. 1999).

1.  *The Court must construe every statute in context to avoid superfluities and give every word some operative effect*

"Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 300, 78 L. Ed. 2d 17 (1983). The statute is construed in context to avoid superfluities. *Hibbs v. Winn*, 542 U.S. 88, 101, 124 S. Ct. 2276, 2286, 159 L. Ed. 2d 172 (2004). If possible, a court will "construe a statute to give every word some operative effect." *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 158, 125 S. Ct. 577, 579, 160 L. Ed. 2d 548 (2004) (citing *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 35–36, 112 S. Ct. 1011, 1015, 117 L. Ed. 2d 181 (1992)).

MEMORANDUM OF DECISION – 6

In order to construe the meaning of the statutes, it is important to consider the parallel provision in chapter 12.

Section 1226(a), provides:

(a) Payments and funds received by the trustee shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan. If a plan is not confirmed, the trustee shall return any such payments to the debtor, after deducting—

(1) any unpaid claim allowed under section 503(b) of this title; and
(2) *if a standing trustee is serving in the case, the percentage fee fixed for such standing trustee.*

11 U.S.C. § 1226(a) (emphasis added). A leading bankruptcy treatise states "the authority granted to the standing chapter 12 trustee to deduct a percentage fee is unique to chapter 12. When a chapter 13 plan is denied confirmation, a standing chapter 13 trustee is authorized to pay unpaid administrative claims but is not authorized to deduct the standing trustee's percentage fee." 8 COLLIER ON BANKRUPTCY ¶ 1226.01 (Richard Levin & Henry J. Sommer eds., 16th ed.).

The court in *In re Lundy* discussed the difference between chapters 12 and 13:

Congress knows how to provide for allowance of a standing trustee's percentage fee in cases where a plan is not confirmed. Section § 1226(a) was enacted in 1986, two years after Congress added what is now § 1326(a). At that time, § 1326 was also amended . . . yet Congress did not include a similar provision in § 1326(a).

*In re Lundy*, 2017 WL 4404271, at *8. (internal citations omitted).

If the Trustee's argument is correct, a standing trustee in a chapter 12 case could use the § 1226(a)(2) provision without § 586(e) in order to retain trustee fees in a chapter

MEMORANDUM OF DECISION – 7

12 case that has been dismissed prior to plan confirmation. Yet, a standing trustee in a chapter 13 case would need to use § 586(e) in order to retain trustee fees in a case that has been dismissed prior to plan confirmation. Furthermore, in either a chapter 12 case or a chapter 13 case, a trustee could simply point to § 586(e) to retain fees without regard to the chapter 12 or chapter 13 provisions entirely. This would render at least § 1226(a)(2) superfluous and give it no operative effect.

The Trustee argues that the context of § 1326(b) is acknowledgement that trustee fees should be paid regardless of plan confirmation by stating:

> Section 1326 (b)(2) also states that before or at the time of each payment to creditors under the plan there shall be paid the percentage fee fixed for such standing [trustee] under section 586 (e)(1)(B) of title 28. Since typically payments are not made to creditors unless a plan is confirmed, this is further acknowledgement that Trustees fees should be paid regardless of whether a plan is confirmed.

Dkt. No. 35.

In addressing this argument, it is important to consider the context of both § 1326 and § 1226. Section 1326(b)(2) provides the following:

> Before or at the time of each payment to creditors under the plan, there shall be paid . . . if a standing trustee appointed under section 586(b) of title 28 is serving in the case, the percentage fee fixed for such standing trustee under section 586(e)(1)(B) . . . ."

§ 1326(b)(2).

Section 1226(b) contains a similar provision:

> Before or at the time of each payment to creditors under the plan, there shall be paid . . . if a standing trustee appointed under section 1202(c)

MEMORANDUM OF DECISION − 8

[586][4] of this title is serving in the case, the percentage fee fixed for such standing trustee under section 1202(d) [586] of this title.

§ 1226(b)(2). Yet, although both chapters contain the similar provision to which the trustee refers, § 1226(a)(2) expressly allows for a trustee to deduct the percentage fee in unconfirmed cases. § 1226(a)(2). If § 1326(b)(2), is, as Trustee argues, "further acknowledgement that trustee's fees should be paid regardless of whether a plan is confirmed," then § 1226(a)(2), the clause specifically allowing for a trustee to deduct her fees in unconfirmed chapter 12 cases, is superfluous and has no operative meaning.

Trustee opines that the difference between the statutes is attributable to the fact that chapter 12 debtors do not always make payments before confirmation, whereas chapter 13 debtors must make payments under § 1326(a)(1). Thus, if there is a payment made under a chapter 12 case, the difference in the statutes entitles the trustee to retain the fees. This argument is not persuasive for the reasons discussed below.

In *Miranda*, a chapter 13 trustee appealed an order from a bankruptcy court denying allowance of the trustee fee on payments received from the debtors in cases dismissed or converted prior to confirmation. 285 B.R. 344 (10th Cir. BAP 2001) (unpub. dispo). The court addressed the distinction between a chapter 12 and chapter 13 case:

---

[4] Section 1226 references § 1202, whereas § 1326 references § 586. When the Code was amended in 1986, §§ 1202 (c) and (d) were subject to a graduated repeal, based upon when the United States trustee system was enacted in each district. Following the repeal of §§1202 (c) and (d), the subject matter formerly covered by those sections was governed by §§ 586 (d) and (e). 8 COLLIER ON BANKRUPTCY ¶ 1202.06 (Richard Levin & Henry J. Sommer eds., 16th ed.). This renders § 1226 (b)(2) and § 1326 (b)(2) virtually identical. Despite the similarities, Congress still specifically allowed for the chapter 12 trustee to deduct fees in unconfirmed chapter 12 cases in § 1226(a) but not § 1326(a).

MEMORANDUM OF DECISION − 9

The provisions of Chapter 13 require the debtor to begin making payments within 30 days after filing the plan. Yet, this obligation to make preconfirmation payments does not pose a risk to the Chapter 13 debtor. Unlike Chapter 12, if the Chapter 13 plan is not confirmed and the case is dismissed or converted, the standing Chapter 13 trustee is authorized to pay unpaid administrative claims, but she is not authorized to deduct her standing trustee's percentage fee. Thus, the distinction between Chapter 12 and Chapter 13 is appropriate. If a debtor is required to make preconfirmation payments, the debtor should not have to fund the standing trustee's fees out of those payments when the plan is not confirmed and the case is converted or dismissed. In fact, in cases involving a long delay in confirming the plan, such a rule could be punitive to the debtor.

*Id* (internal citations omitted).

This Court agrees. Section 1326(a)(1) *requires* debtors to commence making payments within 30 days of filing the plan. This obligation is accompanied by a subsequent provision that requires the trustee to disgorge all payments received pursuant to that plan if the plan is not confirmed and the case is dismissed. The provisions of chapter 12 *do not require* a debtor to make payments pre-confirmation. Yet, § 1226(b)(2) allows the trustee to deduct a fee on payments made pre-confirmation even if a case is dismissed.

Section 1326(b) requires the trustee to pay the trustee's percentage fee before or at the time of each payment to creditors under the plan. § 1326(b). Section 1326(a)(2) only allows the trustee to pay creditors after a plan is confirmed. § 1326(a)(2).  If the trustee cannot pay creditors until a plan is confirmed pursuant to § 1326(a)(2), then § 1326(b) is not operative until a plan is in effect. *See In re Rivera*, 268 B.R. 292, 294 (Bankr. D.N.M. 2001) ("11 U.S.C. § 1326(b) seems to assume a prior confirmation."). Section 1326(a)(2) is operative until a plan is in effect.

MEMORANDUM OF DECISION − 10

Because § 1226(b)(2) and § 1326(b)(2) contain almost identical language, but § 1226(a)(2) expressly allows a trustee to deduct a percentage fee in unconfirmed cases, and § 1326(b)(2) is inoperative until a plan is in effect, the Court does not find § 1326(b)(2) permits trustee fees to be paid regardless of whether a plan is confirmed. This Court's interpretation gives operative effect to each statute: § 586(e)(2) directs the trustee to collect and hold the payments pending plan confirmation, while § 1326(a)(2) tells the trustee when and how to disburse payments before or after confirmation, including the trustee's percentage fee.

2. *Nothing in § 586 contemplates that once a fee is collected, it is then irrevocable*

The U.S. Trustee argues that the word "plans" in § 586(e) refers to both confirmed and unconfirmed plans. Dkt. No. 34. This interpretation is consistent with the holding of *In re Dickens*, 513 B.R. at 911. In *Dickens*, the court discussed the meaning of the word "plans" in § 586(e):

> [28 U.S.C. § 586] Subsection (a)(3)(C) charges the U.S. Trustee with "monitoring plans filed under chapters 12 and 13 of title 11 and filing with the court, in connection with hearings under sections 1224, 1229, 1324, and 1329 of such title, comments with respect to such plans." Sections 1224 and 1324 require a hearing on the confirmation of Chapter 12 and Chapter 13 plans respectively. Logically, a confirmation hearing cannot be held after a plan has been confirmed. Therefore, the word "plans" in § 586(a)(3)(C) must include plans that are not confirmed. Likewise, § 586(a)(3)(B) cross-references provisions governing Chapter 11 plans that are not confirmed. Therefore, the term "plans" in § 586(a)(3)(B) must also include plans that are not confirmed. Consistent with the definition used in other subsections of § 586, the Court concludes that "plans" in § 586(e)(2) includes plans that are not confirmed.

MEMORANDUM OF DECISION − 11

513 B.R. 906, 911 (Bankr. E.D. Ark. 2014). The Court agrees that the interpretation of the word "plans" in § 586(e) includes both confirmed and unconfirmed plans.

Next, the U.S. Trustee argues that the word "collect" in § 586(e) means to "obtain payment." Dkt. No. 34.[5] The U.S. Trustee goes on to state "28 U.S.C. § 586(e) does not contemplate that once a fee is collected, any part of it should be refunded to the debtor." Dkt. No. 34.

This argument is similar to that put forth by the trustee and the United States Trustee in *In re Dickens*. In that case, the trustee and U.S. Trustee argued that once a standing trustee obtains payment of a percentage fee, the fee cannot be returned to the debtors. *In re Dickens*, 513 B.R. at 911. The court disagreed, finding that nothing in the definition relied on by the United States Trustee "mandates a view that collection of a percentage fee is irrevocable and forever vests in the standing trustee." *Id.*[6] This Court agrees. Just as § 586(e) does not contemplate that once a fee is collected, any part of it

---

[5] The U.S. Trustee directs the Court's attention to numerous cases in support of this definition. *See generally Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013); *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 710 (4th Cir. 2001); *Guillermety v. Sec'y of Educ.*, 341 F. Supp. 2d 682, 687 n.4 (E.D. Mich. 2003); *Thompson v. Direct Impact Co.*, 63 F. Supp. 2d 721, 724 (E.D. Va. 1998); *In re Woods Auto Gallery, Inc.*, 379 B.R. 875, 891 (Bankr. W.D. Mo. 2007); *In re Williams*, 183 B.R. 895, 899 (D. Kans. 1995); *In re Angelo*, 480 B.R. 70, 89 (Bankr. D. Mass. 2012); *In re Cipriano*, 8 B.R. 697, 698 (Bankr. D.R.I. 1981)).

[6] *Dickens* cites numerous cases and court orders that fall on both sides of this issue, but noted "none of the reported orders supporting the retention of the percentage fee provide an extended statutory analysis of the issue, and in some cases, it appears no objection or responsive pleading was filed." *In re Dickens*, 513 B.R. at 908, n.1.

MEMORANDUM OF DECISION − 12

should be refunded to the debtor, it also does not contemplate that any portion of the fee is irrevocable. Section 586(e) is silent on the issue.

### 3. Legislative History

Courts will resort to legislative history, even where the plain language is unambiguous, "where the legislative history clearly indicates that Congress meant something other than what it said." *Perlman*, 165 F.3d at 753.

As originally enacted in 1978, § 1326 read as follows:

(a) Before or at the time of each payment to creditors under the plan, there shall be paid—

> (1) any unpaid claim of the kind specified in section 507(a) (1) of this title; and
> (2) if a standing trustee appointed under section 1302(d) is serving in the case, the percentage fee fixed for such standing trustee under section 1302(e) of this title.

8 COLLIER ON BANKRUPTCY ¶ 1326.LH[1] (Richard Levin & Henry J. Sommer eds., 16th ed.).

When the Bankruptcy Code was enacted in 1978, the legislative history stated, "If a private standing trustee serves [in a chapter 13 case], his fee is *fixed* by the Attorney General under proposed 28 U.S.C. § 586(e), and it will be *payable* under proposed 11 U.S.C. 1326(a)(2)." H.R. REP. NO. 95–595, 1978 U.S.C.C.A.N. 5963, 6284 (emphasis added).

However, when the Bankruptcy Code was amended in 1984, Congress "added a new subsection (a) to section 1326 and redesignated the previous subsections (a) and (b) as subsections (b) and (c)." 8 COLLIER ON BANKRUPTCY ¶ 1326.LH[2] (Richard Levin &

MEMORANDUM OF DECISION − 13

Henry J. Sommer eds., 16th ed.). "The new subsection (a) required plan payments to begin within 30 days of the filing of the plan." *Id.* Because Congress added a subparagraph in § 1326 in 1978, the legislative history that stated the fee was payable under proposed §1326(a)(2) is actually referring to the modern § 1326(b)(2). Accordingly, if a private standing trustee serves in a chapter 13 case, his fee is fixed by the Attorney General under proposed § 586(e), and it will be payable under proposed § 1326(b)(2). As stated previously, § 1326(b) is not operative until a plan is in effect; § 1326(a)(2) controls pre-confirmation.

When the Bankruptcy Code was subsequently amended in 1986, the legislative history stated the following:

> "Section 222 conforms 11 U.S.C. 1302(a) to the fact that it is the U.S. Trustee who will have appointed the standing trustee, and not the court. 11 U.S.C. 1302(d) and (e) are stricken for this reason. Appointment and compensation of a standing trustee will be governed by 11 U.S.C. 586.
> . . .
> Section 223 conforms 11 U.S.C. 1326(b) to the fact that 11 U.S.C. 586 will govern the appointment and compensation of a standing trustee, and not 11 U.S.C. 1302.

H.R. REP. No. 99-764, 29, 1986 U.S.C.C.A.N. 5227, 5241.[7]

The legislative history from 1978 specifically states that the pay is fixed by § 586(e), whereas the legislative history in 1984 refers to § 586 as a whole. Thus, the legislative history is ambiguous and does not aid the Court in its interpretation.

---

[7] Although the legislative history refers to 11 U.S.C. § 586, given the context, the Court believes that the legislative history is referring to 28 U.S.C. § 586.

MEMORANDUM OF DECISION − 14

### 4.  Chapter 13 Standing Trustees Handbook Interpretation

Trustee and Debtor both urge this Court to adopt their own interpretation of the

*Handbook for Chapter 13 Standing Trustees*, published by the Executive Office for the

United States Trustees of the United States Department of Justice. *See* U.S. DEPT. OF

JUSTICE, EXEC. OFFICE FOR THE U.S. TR., HANDBOOK FOR CHAPTER 13 STANDING

TRUSTEES (revised October 1, 2012),

https://www.justice.gov/sites/default/files/ust/legacy/2015/05/05/Handbook_Ch13_Standi

ng_Trustees_2012.pdf. Deference may be given to the administering agency of the statute

when a statute is ambiguous. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467

U.S. 837, 844, 104 S. Ct. 2778, 2782, 81 L. Ed. 2d 694 (1984). However, "[t]he [U.S.

Trustee] is not charged with administering § 1326, which is part of the Bankruptcy Code;

consequently, the UST's interpretation of § 1326 is not entitled to Chevron deference." *In

re Acevedo*, 497 B.R. at n. 19.

The handbook requires the return of the percentage fee in cases that are dismissed

prior to confirmation in jurisdictions that require such reversal. U.S. DEPT. OF JUSTICE,

EXEC. OFFICE FOR THE U.S. TR., HANDBOOK FOR CHAPTER 13 STANDING TRUSTEES 2–3

(revised October 1, 2012),

https://www.justice.gov/sites/default/files/ust/legacy/2015/05/05/Handbook_Ch13_Standi

ng_Trustees_2012.pdf (internal citations omitted). Chapter two, section D, entitled

"Calculation and Collection of Percentage Fee," provides:

> The percentage fee is collected from all payments received by the standing
> trustee under the plan, including ongoing mortgage payments. . . . The

MEMORANDUM OF DECISION − 15

> percentage fee collected is the percentage fee in effect at the time the
> payment is received. The standing trustee is authorized to collect the
> percentage fee upon receipt of the payment. . . . If the plan is dismissed or
> converted prior to confirmation, the standing trustee must reverse payment
> of the percentage fee that had been collected upon receipt if there is
> controlling law in the district requiring such reversal . . . .

*Id*. Later, in chapter 3, section H (entitled "Disbursements"), paragraph 1 (entitled

"Monthly Disbursements"), provides:

> The standing trustee must retain debtor payments of amounts proposed by
> the plan until confirmation, unless otherwise ordered by the court or
> required by law or local rule. If the plan is confirmed, the standing trustee
> must distribute such payments in accordance with the plan as soon as
> practicable. . . . If the case is dismissed or converted pre-confirmation, the
> standing trustee must distribute or return funds as required by 11 U.S.C.
> § 1326(a)(2) . . . . See also Chapter 2, section D, Calculation and Collection
> of Percentage Fee.

*Id*. at 3-36.

The handbook to which Trustee refers requires the reversal of payments retained

pre-confirmation if the case is dismissed in jurisdictions that recognize such a

requirement. Later, the handbook requires reversal of the payments if the case is

dismissed or converted pre-confirmation pursuant to § 1326(a)(2), and then refers the

reader back to the provision that requires the reversal if the case is dismissed in

jurisdictions that recognize such a requirement. Because there is no local precedent or

law on this issue, the Court concludes the U.S. Trustee's Handbook is not conclusive. In

any event, the handbook would not be binding upon this Court.

MEMORANDUM OF DECISION − 16

5. *Public Policy*

The parties each advanced public policy arguments to support their interpretations. The Trustee argues that denying trustee's fees in unconfirmed cases would result in an unfair system, urging "[d]ebtors that actually choose to confirm a plan will be required to pay the expenses for those debtors that are merely taking advantage of the bankruptcy process that never intend to confirm a chapter 13 plan." Dkt. No. 35. She contends that a trustee bears real cost in administering chapter 13 cases, whether the plan gets confirmed or not. *Id.*

The U.S. Trustee puts forth a similar argument, stating that, "the costs of administering cases in which no plan is confirmed would be borne by the debtors whose plans are confirmed, and debtors in cases in which no plans are confirmed would obtain benefits at no cost." Dkt. No. 34. The Court is unpersuaded by this argument. Trustee fees are statutorily capped by § 586(e)(1). The cap is set for each individual case being handled by the trustee. There is no cumulative fee that is shared by all debtors under both confirmed and unconfirmed plans. Fees described under § 586(e) are attributable to each individual case. Therefore, the debtors whose plans are unconfirmed will not bear the cost of the case administration for those cases that are dismissed prior to plan confirmation.

The U.S. Trustee states, "Chapter 13 standing trustees incur significant expenses in every case in which they serve regardless of whether a plan is ultimately confirmed." *Id.* The standing trustee in *In re Miranda* put forth a similar argument as the Trustee in

MEMORANDUM OF DECISION − 17

this case. 285 B.R. at 344. The *Miranda* court took note that "the standing trustee performs 'front-end' services in addition to disbursing funds to creditors and [was] mindful that the policy concerns regarding a standing trustee earning an adequate salary are important." *Id*. Nonetheless, the court held for the debtors, explaining that its foremost responsibility was interpreting the statute in question. *Id.*

On the other hand, the Debtors argue that the result the Trustee seeks is not equitable. Dkt. No. 38. The Debtors believe the chapter 13 case confirmation process is laborious for all parties, and the Trustee in her role can either facilitate or hinder the process. *Id*. The Debtors speculate that Congress conditioned a chapter 13 trustee's percentage fee on the confirmation of a plan to motivate the trustee to assist debtors in achieving confirmation. *Id*.

This Court does not doubt the amount of work that goes into the administration of a chapter 13 case by a chapter 13 trustee, pre- or post-confirmation. However, like the *Miranda* court, this Court concludes it must rely on the text of the statute, and its interpretation thereof, and not decide the matter based on conflicting public policy arguments.

C.  Relevant Case Law

There is no controlling precedent or case law to which this Court is bound. Trustee relies on the decision of *In re Nardello* to support her position. 514 B.R. 105 (D.N.J. 2014). In that case, the debtor filed a chapter 13 petition. *Id* at 106. During the pendency of the case, but before confirmation, a third party filed a motion seeking court approval

MEMORANDUM OF DECISION − 18

for the sale of real estate jointly owned by the third party and the debtor. *Id.* The bankruptcy court authorized the sale of the property, the debtor consented to the distribution of proceeds, and the court ordered the proceeds to be held by the standing trustee pending further order from the court. *Id.* The court then ordered the trustee to pay the third party their one-half share of the proceeds from the sale of the real estate, as well as the remaining proceeds of the sale which debtor owed for payment of debtor's share of the mortgage on the property. *Id* at 107. These disbursements were made according to the court order not pursuant to the plan. *Id.* The case was then voluntarily dismissed. *Id.* The standing trustee filed a final report and accounting, retaining trustee expenses and compensation based on the pre-confirmation payment disbursements to the third party. *Id.* The debtor objected to the trustee percentage fee. *Id.*

The bankruptcy court found in favor of the standing trustee. *Id.* The bankruptcy court held that § 1326(a)(2) and (b) only apply to payments made as proposed by a plan. *Id*. Because the funds on which the trustee's percentage fee was based were not payments proposed by the plan, § 1326(a)(2) and (b) did not apply. *Id.* The bankruptcy court held that § 586 applied, and distinguished the case from cases where no payments were made to creditors pre-confirmation on the grounds that the debtor had consented to the disbursement of funds to the third party from the sale of the jointly held real estate prior to plan confirmation. *Id* at 108.

The case at bar is distinguishable. Indeed, the court in *Nardello* distinguished the facts of that case from other cases because the court was considering whether the

MEMORANDUM OF DECISION – 19

percentage fee payment was appropriate if payments are disbursed prior to plan confirmation but upon debtor approval, as well as payments received by the trustee that were not contemplated by the plan. On appeal, the district court distinguished *Acevedo*, *Miranda*, and *Rivera*, *supra* at fn. 2, because, in *Nardello*, the standing trustee was required to hold the sale proceeds from the property pre-confirmation "even though [the] proceeds were not contemplated in Debtor's initial plan. Had the Standing Trustee not been required to hold the sale proceeds, there would be no justification for the percentage fee sought." *Id* at 116.

Here, there are no sale proceeds held by the Trustee or disbursements made, only payments to the Trustee pursuant to, and contemplated by, the plan pre-confirmation. The debtor did not consent to any disbursements by the trustee prior to confirmation. Additionally, the Trustee was not required to disburse any creditor payments like the trustee in *Nardello* prior to plan confirmation.[8] Thus, *Nardello* is not on point.

Next, the U.S. Trustee disagrees with a New Mexico bankruptcy court's interpretation of the two conflicting statutes. Dkt. No. 34. The facts of *In re Acevedo* are similar to those presented here. 497 B.R. 112 (Bankr. D.N.M. 2013). In that case, the

---

[8] Moreover, the facts of *Nardello* are beyond the scope of the Court's holding in this case. This Court is not holding that it would decide the facts of *Nardello* the same way that court did. The Court is simply highlighting the reasons why the *Nardello* court found in favor of the trustee's retention of the trustee fees. The court in *Nardello* was presented with different facts than this case and other cases relied upon by this Court. "The cases relied on by Debtor, specifically *In re Acevedo*, *In re Miranda*, and *In re Rivera* are factually distinguishable because here the standing trustee was required to hold proceeds from the sale of the [real estate] property even though [the] proceeds were not contemplated in Debtor's initial plan." *Nardello*, 514 B.R. at 116.

MEMORANDUM OF DECISION – 20

debtors filed a chapter 13 bankruptcy petition, made payments to the trustee pursuant to

the plan, but the plan was never confirmed. *Id* at 114–15. Instead, the chapter 13 case was

converted to a chapter 7. *Id*. [9] The trustee kept a commission on the payments received

from the debtors and disbursed the remaining balance. *Id* at 115. The debtors filed

motions to disgorge the fees retained by the trustee. *Id.* The trustee and the Office of the

United States Trustee objected. *Id.* The court required disgorgement, reasoning that there

were at least three ways to construe § 586(e)(2), and the "most harmonious reading of the

two statutes is that § 586(e)(2) directs the trustee to collect and hold the percentage fees

pending plan confirmation, while § 1326(a)(2) tells the trustee when and how to disburse

payments after confirmation or denial of confirmation, including the trustee's percentage

fee." *Id* at 122.

The U.S. Trustee argues, "even the court in *Acevedo* conceded that it was

engaging in 'a somewhat unnatural reading' of section 586(e)(2).'" Dkt. No. 34 (quoting

*In re Acevedo*, 497 B.R. at 124). However, it is important to consider the full context of

that quotation. The *Acevedo* court goes on to say, in the very next sentence, "The only

alternative, however, is a substantially less natural reading of § 1326(a)." *Id at* 124–25.

---

[9] Although the matter of conversion is not before the Court, the holding from this case and other case law support the same conclusion that all fees must be returned to the debtor in chapter 13 cases that are converted to chapter 7 pre-confirmation. *See generally In re Acevedo*, 497 B.R. 112 (Bankr. D.N.M. 2013); *see also* U.S. DEPT. OF JUSTICE, EXEC. OFFICE FOR THE U.S. TR., HANDBOOK FOR CHAPTER 13 STANDING TRUSTEES 3-36 (revised October 1, 2012), https://www.justice.gov/sites/default/files/ust/legacy/2015/05/05/Handbook_Ch13_Standing_Trustees_2012.pdf ("If the case is dismissed or converted pre-confirmation, the standing trustee must distribute or return funds as required by 11 U.S.C. § 1326(a)(2) . . . .").

"What's good for the goose is good for the gander." *Bates v. Jones*, 131 F.3d 843, 861

(9th Cir. 1997). If "a somewhat unnatural reading" would be unfavorable, a "substantially

less natural reading" is even more unfavorable.

The Trustee directs the Court to the holding in *In re Antonacci*, No. BK-S-08-

23349-LBR (Bankr. D. Nev. Dec. 27, 2011). The Court has reviewed that docket. The

docket number in that case to which the Trustee cites is the U.S. Trustee's brief in

support of the standing chapter 13 trustee's entitlement to fees. *Brief of the Acting United

States Trustee regarding the Trustee's entitlement to fees* at 168, *In re Antonacci*, No.

BK-S-08-23349-LBR (Bankr. D. Nev. Dec. 27, 2011). The U.S. Trustee in that case has a

similar argument to the U.S. Trustee in this case. Here, the Trustee argues that the

decision in *Antonacci* "was instrumental in causing the policy change in the [U.S.]

Trustee's Handbook . . . ." Dkt. No. 39.[10]

In an article focusing on chapter 13 issues and projects in 2014, published by the

Executive Office for U.S. Trustees, Martha Hallowell, the Deputy Assistant Director for

Standing Trustee Oversight, discussed the policy change mentioned by the Trustee. *See*

Martha Hallowell, *Successful Projects in 2014 Include Training, Percentage Fee Policy

and Unsecured Claims Review*, EXEC. OFFICE FOR U.S. TRS.,

https://www.justice.gov/ust/file/nactt_201503.pdf/download. The percentage fee policy

was changed in July 2012 in response to the *Antonacci* decision, informing "standing

---

[10] See discussion above regarding interpretation of the handbook.

MEMORANDUM OF DECISION – 22

trustees that they could collect and retain a percentage fee on receipts in cases that dismiss or convert prior to confirmation." *Id.* In 2014, the percentage fee policy was changed again. *Id.* This change allowed standing trustees to collect their fees upon receipt of payment. *Id*. The article states that the "policy conclusion was the result of a detailed analysis of 28 U.S.C. § 586(e)(2) as part of *our* brief filed in *In re Antonacci* . . . ." *Id* (emphasis added)*.* Thus, the policy change, in part, was a result of the U.S. Trustees' own detailed analysis as part of the brief it filed in *Antonacci*.

The order granting trustee's fees in *Antonacci* is not so detailed. It is two pages long and contains no analysis. Order Allowing Trustee Fees Under 28 U.S.C. § 586(e) at 171, *In re Antonacci*, No. BK-S-08-23349-LBR (Bankr. D. Nev. Dec. 27, 2011). Accordingly, this Court does not find that order to be persuasive to the analysis in this case.

The court in *In re Dickens* cites numerous cases and court orders that fall on both sides of this issue. *In re Dickens*, 513 B.R. at 908, n.1. That court found, notably, "none of the reported orders supporting the retention of the percentage fee provide an extended statutory analysis of the issue, and in some cases, it appears no objection or responsive pleading was filed." *Id.*

### *Conclusion*

This Court believes the correct interpretation falls in line with the reasoning of *Acevedo, Dickens,* and *Lundy*. Section 586(e)(2) directs the trustee to collect and hold the payments pending plan confirmation and the source from which to collect the percentage

MEMORANDUM OF DECISION − 23

fee, while § 1326(a)(2) tells the trustee when and how to disburse payments before or after confirmation. Accordingly, the trustee must hold the payments in her possession until confirmation or denial of confirmation. If a chapter 13 case is dismissed pre-confirmation, as in this case, the trustee shall return any such payments not previously paid and not yet due and owing to creditors to the debtor, including the trustee's percentage fee. Debtor's objection to the Trustee's final report and account is sustained.

A separate order will be entered.

DATED:  February 13, 2020

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE